UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIVIAN JOHNSON,<br>    Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:05-CV-139(JCH) |
| v. | : | |
| | : | |
| SEARS ROEBUCK & CO., | : | DECEMBER 8, 2006 |
|     Defendant. | : | |
| | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [Doc. No. 52], PLAINTIFF'S MOTION NOT TO DISMISS [Doc. No. 56], AND PLAINTIFF'S MOTION REQUESTING THE SUBMISSION OF ADDITIONAL EVIDENCE [DOC. NO. 88]**

Vivian Johnson, a pro-se plaintiff, brings this action against the defendant, Sears Roebuck & Co ("Sears), for damages she sustained from a furnace that Sears allegedly installed improperly in her home.

Sears has brought this Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. No. 52), on the grounds that Johnson cannot prove that the minimum amount in controversy is $75, 000.00. Johnson claims damages in excess of $2, 240, 829.72. Johnson has brought a Motion Not to Dismiss (Doc. No. 56), in addition to a Motion Requesting the Submission of Additional Evidence (Doc. No. 88).

**I.    LEGAL STANDARD**

Under Fed.R.Civ.P 12(b) (1), the court dismisses a complaint for lack of subject matter jurisdiction when it lacks constitutional authority to adjudicate the suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court

refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

## II.     DISCUSSION

In asserting that Johnson cannot prove the requisite minimum amount in controversy, Sears argues that Johnson filed this suit without a good faith belief that her furnace was installed improperly. Sears bases this claim on the fact that the witnesses upon whom Johnson relies do not support her claims, that Johnson lacks an expert to testify as to causation, and that Johnson has not otherwise proven causation. While Sears' arguments might be persuasive on a motion for summary judgment for failure to establish a genuine issue of material fact, it appears that Sears has placed the substantive cart before the jurisdictional horse. Under the law of this Circuit, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir.1994). In determining whether the plaintiff satisfies this amount in controversy requirement, the court looks only to the damages that the plaintiff claims were caused

by the defendant, not to whether the plaintiff can show that the defendant caused those damages.  See United Food & Commercial Workers Union, Local 919 v. Centermark Properties of Meriden Square, 30 F.3d 298, 305-06 (2d Cir. 1994).

Sears has not challenged whether Johnson's Complaint or the extrinsic evidence Johnson has offered in opposing this Motion to Dismiss fail to meet the statutory minimum amount in controversy.  Johnson has claimed damages for time lost from work, aggravation, medical complications, legal expense, damage to sentimental items, and increased oil expenses.  Based on these submissions, the court concludes that there is a reasonable probability that Johnson's claims exceed the statutory jurisdictional amount.

The court GRANTS Johnson's Motion Requesting the Submission of Additional Evidence (Doc. No. 88).  Sears' Motion to Dismiss (Doc. No. 52) is DENIED, without prejudice to its filing a motion for summary judgment.  As the court denies Sears Motion to Dismiss, Johnson's Motion Not to Dismiss (Doc. No. 56) is DENIED as moot.

**SO ORDERED.**

Dated this 8th day of December, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge